UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCY RAUCH,<br><br>                    Plaintiff,<br>     v.<br><br>CMFG LIFE INSURANCE COMPANY,<br><br>                    Defendant. | Case No.: 7:23-cv-9790<br><br>NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendant CMFG Life Insurance Company ("CMFG") submits this Notice of Removal from the Supreme Court of New York, Rockland County in which the above-captioned matter is now pending, to the United States District Court for the Southern District of New York.

In support thereof, CMFG states as follows:

## PROCEDURAL HISTORY

1. On or about September 12, 2023, 2023, Plaintiff Nancy Rauch filed this civil action in the Supreme Court of New York, Rockland County. True and accurate copies of all state court pleadings and filings, including the Summons and Verified Complaint are attached hereto as **Exhibit A**.

2. No other pleadings and/or orders have been filed in Plaintiff's New York state court action. *See* **Exhibit B**, Complete Docket Sheet for Plaintiff's New York State Court Action.

3. In the Complaint, Plaintiff asserted claims for breach of contract and bad faith arising from the denial of Plaintiff's claim for benefits under an accidental death and dismemberment insurance certificate issued by CMFG and providing insurance coverage on the life of Christian R. Rauch. *See generally* **Exhibit A, Verified Complaint**.

4. This action has not been previously removed to federal court.

5. As will be set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because (1) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332; (2) this Notice of Removal was filed timely pursuant to 28 U.S.C. § 1446(b)(3); and (3) CMFG has satisfied the procedural requirements for removal.

I. **THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332.**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (1) it is a civil action between citizens of different states, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

A. **Complete Diversity of Citizenship**

7. Plaintiff is, and was at the time of filing this lawsuit, a resident and citizen of Rockland County, New York. *See* **Exhibit A, Verified Complaint** ¶ 1.

8. Defendant CMFG Life Insurance Company is, and was at the time of the lawsuit's filing, "a foreign corporation doing business in the State of New York." *Id.* ¶ 2. To be precise, CMFG is a corporation formed and existing under the laws of the State of Iowa, with its principal place of business in Madison, Wisconsin. As such, Defendant CMFG Life Insurance Company is a citizen of Iowa and Wisconsin.

9. Accordingly, complete diversity exists between the parties because the case is between "citizens of different States." 28 U.S.C. § 1332(a).

B. **Amount in Controversy**

10. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. This assertion is well-founded and made in good

faith in light of the allegations in Plaintiff's Complaint and the amount of monetary relief that Plaintiff seeks.

11. In the Complaint, Plaintiff seeks to recover damages "in the amount of Six-Hundred & Seventy-Five Thousand Dollars ($675,000)" for each cause of action. *See* **Exhibit A, Verified Complaint** at Demand for Judgment.

12. Moreover, the claims asserted by Plaintiff in this action relate to accidental death and dismemberment coverage alleged to be in the amount of $1,000 in basic coverage and an additional $300,000 in additional coverage, which is also alleged to be subject to an inflation protection provision. *Id.* ¶¶ 3, 8.

13. On the face of her Verified Complaint, therefore, Plaintiff seeks relief in the form of damages that far exceed the $75,000 jurisdictional threshold, exclusive of interest and costs.

## II.     THIS NOTICE OF REMOVAL IS TIMELY

14. Pursuant to 28 U.S.C § 1446(b), a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

15. In lieu of formal service of the Summons and Verified Complaint, Plaintiff's counsel sent CMFG by mail a copy of the Verified Complaint, as well as a Statement of Service by Mail and two copies of an unexecuted "Acknowledgment of Receipt of Summons and Complaint," as permitted by NY CPLR § 312-a(a).

16. CMFG executed the Acknowledgement of Receipt of Summons and Complaint on October 18, 2023, and returned the same to Plaintiff's counsel that same day. *See* **Exhibit A, Acknowledgment of Receipt of Summons and Complaint.**

17. Pursuant to NY CPLR § 312-a(b)(1), "[s]ervice [of the summons and complaint] is complete on the date the signed acknowledgment is mailed or delivered to the sender"—*i.e.*, on October 18, 2023.

18. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is being filed within 30 days of the completion of service of the Summons and Verified Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

### III. CMFG HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

19. As discussed herein, this Court has subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a).

20. Venue is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of New York is the federal district for the district embracing the place where the state court suit is pending, namely the Supreme Court of Rockland County, New York.

21. CMFG is the lone named defendant in this matter, and thus no consent is required from any other party.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs, by and through their attorneys of record, and is also being filed with the Clerk of the Supreme Court of Rockland County, New York.

23. By removing this action, CMFG does not waive any defenses it may have to this action.

WHEREFORE, CMFG files this Notice of Removal so that the entire state court action now pending in the Supreme Court of Rockland County, New York, Index No. 34418/2023, be removed to this court for all further proceedings.

Dated:  November 6, 2023          Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/  Kate L. Villanueva*

Kate L. Villanueva (NY Bar Code #KV5283)
One Logan Square, Ste. 2000
Philadelphia, PA  19103
Tel.:  (215) 988-2700
Fax:  (215) 988-2757
Kate.Villanueva@faegredrinker.com

John M. Moore (*pro hac vice to be filed*)
One Logan Square, Ste. 2000
Philadelphia, PA 19103
Tel.:  (215) 988-2700
Fax:  (215) 988-2757
John.Moore@faegredrinker.com

*Attorneys for Defendant CMFG Life Insurance Company*

# **CERTIFICATE OF SERVICE**

I, Kate L. Villanueva, hereby certify that on November 6, 2023, I caused a true and correct copy of the foregoing Notice of Removal to be filed with this Court via the Court's CM/ECF system and also served a copy of the same, by United States mail and electronic mail upon:

> Jason E. Sona, Esq.
> 978 Route 45, Suite 200
> Pomona, New York 10970
> Tel: (347) 454-1450
> Email: jason.sona@gmail.com

*Attorney for Plaintiff Nancy Rauch*

*/s/ Kate L. Villanueva*
Kate L. Villanueva