UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NANCY RAUCH,

                Plaintiff,

-against-

CMFG LIFE INSURANCE COMPANY,

                Defendant.

**OPINION & ORDER**

23-CV-09790 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Nancy Rauch ("Plaintiff") commenced this action on September 12, 2023 in the Supreme Court of the State of New York, County of Rockland, against CMFG Life Insurance Company ("Defendant"), in connection with Defendant's denial of benefits under an accidental death and dismemberment insurance policy held by Plaintiff's spouse. (Doc. 1-1 at 3-6, "Compl."). Defendant removed this action on November 6, 2023 from state court pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446. (Doc. 1). Plaintiff was granted permission to amend her Complaint following the pre-motion conference held on February 26, 2024, but Plaintiff declined to file an amended pleading. (*See* Feb. 26, 2024 Entry; Doc. 18).

Defendant, with leave of the Court, served its motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on March 29, 2024. (Doc. 20; Doc. 21, "Def. Br."). Plaintiff served her opposition on April 29, 2024 (Doc. 22, "Pl. Br."), and Defendant's motion was fully briefed with the filing of its reply and all motion papers on May 10, 2024. (Doc. 23, "Reply").

For the reasons set forth below, the motion to dismiss is GRANTED.

**BACKGROUND**

Christian Rauch ("Mr. Rauch"), Plaintiff's spouse, held a certificate of insurance evidencing a group accidental death and accidental dismemberment policy (Policy No. 031-1404-

5 G6889753, referred to herein as the "Policy") issued by Defendant. (Compl. ¶ 3; Def. Br., Ex. A "Cert.").[1] The Policy became effective on May 1, 2013, and provided for life insurance coverage in the amount of $1,000 and an additional death benefit of $300,000, along with inflation protection at 10% per year. (Compl. ¶¶ 3, 8; Cert. at 1, 3). Pursuant to the Policy, if Mr. Rauch suffered an "accidental death," Defendant would pay a benefit equal to the basic amount plus the additional amount of insurance. (*Id.* at 4). An "accidental death" is defined as "[d]eath resulting from an injury, and occurring within 1 year of the date of the accident causing the injury." (*Id.* at 2). Plaintiff was a named beneficiary of the Policy. (Compl. ¶¶ 3, 12).

On September 24, 2019, Mr. Rauch had a motorcycle accident involving a deer on his way to work. (*Id.* ¶ 4). Mr. Rauch was institutionalized for his injuries sustained from that accident and, on May 1, 2022, died as a result of those injuries. (*Id.* ¶ 5). The Complaint alleges that the September 24th accident was the sole and proximate cause of Mr. Rauch's death, as indicated in the medical examiner's notes included in his death certificate. (*Id.*).

Shortly after Mr. Rauch's death, Plaintiff contacted Defendant to initiate a claim pursuant to the Policy. (*Id.* ¶ 6). Defendant acknowledged Plaintiff's request in a formal letter dated May

---

[1] On a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), "the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *Manley v. Utzinger*, No. 10-CV-02210, 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011) ("The Court may consider documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which plaintiff relied in bringing the suit."). Even if a document is not incorporated into the complaint by reference, the Court may consider it "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)); *see also Schafer v. Direct Energy Servs., LLC*, 845 F. App'x 81, 82 (2d Cir. 2021) ("Where an extrinsic document is not incorporated by reference, the district court may nevertheless consider it if the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint."). Here, the Court considers the certificate of insurance, attached to Defendant's brief as Exhibit A, which is referred to in the Complaint and integral to Plaintiff's claims. (Compl. ¶¶ 3, 6-8, 12).

12, 2022, and requested several documents from Plaintiff. (*Id*.). Plaintiff promptly provided the requested documentation, including a copy of the death certificate, which Plaintiff faxed to Defendant on May 20, 2022. (*Id*. ¶¶ 6-7). On December 27, 2022—over seven months (222 days total) after receipt of the death certificate—Defendant issued a disclaimer notice denying Plaintiff's claim on the basis that Mr. Rauch's death occurred more than one year after the date of the accident that caused the death. (*Id*. ¶ 7).

Plaintiff alleges that Defendant unreasonably delayed its issuance of the disclaimer notice and that the delay caused her to suffer economic losses, including the loss of her remaining equity in her home. (*Id*. ¶ 8). Plaintiff further alleges that Defendant acted in bad faith in failing to provide timely notification of its disclaimer. (*Id*. ¶ 11). Defendant allegedly tried to justify its delay on the basis that it was using the time to seek additional information and search for alternate benefits. (*Id*.).

This litigation followed.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Plaintiff presses two claims for relief: (i) declaratory judgment; and (ii) breach of the implied covenant of good faith and fair dealing. (*See generally* Compl.).[3]

### I. First Claim for Relief: Declaratory Judgment

Plaintiff's first claim for relief brings a claim for declaratory judgment. (*Id*. ¶¶ 1-10). Plaintiff seeks relief in the form of a "judgment confirming [the] requirement" that "insurers have an affirmative duty to promptly disclaim a claim regardless of the type of insurance policy," including accidental death insurance policies. (Pl. Br. at 4-5).

---

[3] Following the pre-motion conference held on February 26, 2024, Plaintiff confirmed that her first claim for relief is not one for breach of contract. (Doc. 18; Pl. Br. at 4-5).

As a threshold matter, "the law does not recognize a declaratory judgment claim for relief." *Linares v. Annucci*, No. 19-CV-11120, 2021 WL 2689736, at *7 (S.D.N.Y. June 30, 2021). This is because "a declaratory judgment is a remedy, not a cause of action." *Abraham v. Town of Huntington*, No. 17-CV-03616, 2018 WL 2304779, at *14 (E.D.N.Y. May 21, 2018); *see also In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993) ("A request for relief in the form of a declaratory judgment does not by itself establish a case or controversy involving an adjudication of rights.").

Even if the Court were to consider the merits of Plaintiff's request, a declaratory judgment is not appropriate here. Plaintiff's claim rests on the application to the Policy of N.Y. Insurance Law §3420(d)(2), which requires insurers to deny coverage in a timely manner. (Compl. ¶¶ 9-10). However, as Defendant correctly argues, N.Y. Insurance Law § 3420(d)(2) is applicable only to liability insurance policies and not to accidental death insurance policies. (Def. Br. at 9-10). Section 3420(d)(2) of the New York Insurance Law provides in pertinent part:

> If under a *liability* policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

N.Y. Ins. Law § 3420(d)(2) (emphasis added). Accidental death does not fall within the scope of "liability" insurance but rather falls under a separate line of "accident and health" insurance. *Id.* § 1113(a)(3), (13)-(15). Laws related to "accident and health" insurance are codified in Article 32 of the New York Insurance Law. *See id.* §§ 3201-45.

Plaintiff acknowledges that "accidental death policies are governed by Article 32, rather than Article 34 of the New York State Insurance Laws," but nevertheless argues that N.Y. Insurance Law §3420(d)(2) should apply to accidental death policies. (Pl. Br. at 4). Plaintiff

5

explains that the "spirit of [N.Y. Insurance Law §3420(d)(2)] should require that insurers have an affirmative duty to promptly disclaim a claim regardless of the type of insurance policy." (*Id.* at 4-5). Plaintiff offers no statutory or judicial authority in support of her argument, which contravenes the plain reading of the statute. The Court, thus, finds no basis on which to conclude that N.Y. Insurance Law §3420(d)(2) applies to the accidental death insurance policy at issue in this action.

Accordingly, Plaintiff's first claim for relief for declaratory judgment is dismissed.

II. <u>Second Claim for Relief: Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

Plaintiff's second claim for relief alleges that Defendant acted in bad faith and breached the implied covenant of good faith and fair dealing. (Compl. ¶¶ 11-12).

"Implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance." *Schiff v. ZM Equity Partners, LLC*, No. 19-CV-04735, 2020 WL 5077712, at *7 (S.D.N.Y. Aug. 27, 2020) (quoting *Dalton v. Educ. Testing Serv.*, 663 N.E.2d 289, 291 (N.Y. 1995)). This covenant "is not designed to enlarge or create new substantive rights between the parties," *Ferguson v. Lion Holding, Inc.*, 478 F. Supp. 2d 455, 479 (S.D.N.Y. 2007), but "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract," *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 861 F. Supp. 2d 344, 364 (S.D.N.Y. 2012) (quoting *Fishoff v. Coty Inc.*, 634 F.3d 647, 653 (2d Cir. 2011)). The covenant "can only impose an obligation consistent with other mutually agreed upon terms in the contract," and may "survive[] a motion to dismiss where the implied promise protects either the contract's central purpose or a party's right under a specific contractual provision." *Schiff*, 2020 WL 5077712, at *7 (alteration in original, internal citations and quotation marks omitted). Practically, a breach of the implied covenant of good faith and fair dealing requires the pleader to identify an obligation which supports the written terms of

6

the agreement itself but is not *in haec verba* contained therein. A breach of the implied covenant is not a claim for relief separate from one for breach of contract; rather, it is, itself, a breach of contract. *See Trahan v. Lazar*, 457 F. Supp. 3d 323, 358 (S.D.N.Y. 2020) (quoting *Fishoff*, 634 F.3d at 653); *see also Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 205 (S.D.N.Y. 2011).

Plaintiff alleges that Defendant's "failure to provide timely notification amounts to bad faith" and "[b]y failing to act in good faith and failing to provide reasonable notice," Defendant breached the implied covenant of good faith and fair dealing. (Compl. ¶¶ 11-12). Defendant seeks to dismiss the second claim for relief on the basis that it is: (i) duplicative of Plaintiff's first claim for relief;[4] and (ii) an improper attempt to expand contractual rights and/or nullify contractual language. (Def. Br. at 14-18).

The Policy provides accidental death insurance benefits in specified circumstances. (*See generally* Cert.). Given that Mr. Rauch's death occurred more than one year after the accident and therefore does not fit the definition of an "accidental death" under the Policy, it is undisputed that Plaintiff was not entitled to insurance benefits. (*Id.* at 2; Compl. ¶¶ 4-5, 7; Def. Br. at 18). Therefore, even accepting as true that Defendant acted in bad faith in delaying issuance of its disclaimer notice by several months, such a delay does not have "the effect of destroying or injuring the right of [Plaintiff] to receive the fruits of the contract" because Plaintiff did not have a right to receive insurance benefits under the Policy in the first place. *Nat'l Gear & Piston, Inc.*, 861 F. Supp. 2d at 364; *see also U.S. Bank Nat'l Ass'n v. 160 Palisades Realty Partners LLC*, No. 20-CV-08089, 2022 WL 743928, at *4 (S.D.N.Y. Mar. 10, 2022) ("The implied covenant of good

---

[4] Given the rulings reached herein, the Court need not and does not reach Defendant's argument that the second claim for relief is duplicative of the first claim for relief.

faith and fair dealing is breached when a party acts in a manner that would deprive the other party of the right to receive the benefits of their agreement.").

Plaintiff further argues that "[t]he right to receive prompt resolution of a claim is a recognized obligation covered by the implied covenant of good faith and fair dealing." (Pl. Br. at 6; Reply at 7). But Plaintiff cites no authority in support of this proposition. Nor does Plaintiff explain how a "prompt resolution" is considered part of the "fruits" the Policy. (Pl. Br. at 6). "When the implication of a duty of good faith and fair dealing would be inconsistent with the language of a provision of a contract and is not necessary to make the agreement meaningful, the court will not invoke the covenant. But where, by contrast, it is necessary to read an obligation of good faith in order to avoid rendering a contract promise illusory—in the words of the cases, where necessary so as not to deprive a contracting party of the 'fruits of the contract'—the courts will not hesitate to infer an obligation to act in good faith." *Pennolino v. Cent. Prods. LLC*, No. 22-CV-05051, 2023 WL 3383034, at *10 (S.D.N.Y. May 11, 2023). Here, the Court declines to invoke the covenant of good faith and fair dealing because reading into the Policy a requirement for "prompt resolution" of the claim is not necessary to make the Policy meaningful or to avoid rendering any contractual promises contained therein illusory.

Accordingly, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. 20 and close this case.

8

**SO ORDERED.**

Dated: White Plains, New York
January 6, 2025

_____
PHILIP M. HALPERN
United States District Judge